IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

                                            Criminal No. 18-0221
                                            ELECTRONICALLY FILED

v.

MALIK MARTINEZ,

        Defendant.

## **MEMORANDUM ORDER RE: DEFENDANT'S MOTIONS FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)**

Pending are the Defendant's Malik Martinez's Motions for Reduction of Sentence Pursuant to the First Step Act, at 18 U.S.C. § 3582(c)(1)(A)(i), with counseled briefs in support thereof. (Doc. 135 and Doc. 143). Defendant moves this Court to reduce his sentence to time served, or alternatively, to serve the remainder of his term on home confinement.

    **I.**    **Background**

Defendant pleaded guilty to two (2) counts of a four-count Indictment filed against him and co-Defendant Marvin Dennis, specifically Counts One (1) and Four (4) of the Indictment, which charged Defendant with conspiracy to distribute heroin, fentanyl, and crack cocaine in violation of 21 U.S.C. § 846, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(a)(i). (Doc. 97). On November 8, 2019, Defendant was sentenced to a 12-month term of imprisonment at Count One (1), and a 60-month term of imprisonment at Count Four (4), for a total of 72 months, to be followed by a 3-year term of supervised release to be served concurrently. Defendant has been in custody since his arrest on August 22, 2018, and is currently serving his sentence at FCI Beckley, West Virginia. On

December 22, 2020, Defendant filed a *Pro Se* Motion for Compassionate Release under the First Step Act and CARES Act, [doc. 135] relying primarily on the argument that he has serious medical condition(s) that justify his release from imprisonment in light of the COVID-19 pandemic, that he contracted COVID-19 in November of 2020, and that he is concerned that he will again contract it, if he remains imprisoned.

On January 27, 2021, this Court appointed-current defense counsel to represent Defendant with respect to the motion and directed counsel to file a counseled filing, if applicable, on or before February 10, 2021. (Doc. 136). On February 9, 2021, Defense counsel filed a Brief in Support of Defendant's Motion, arguing that Defendant has the following co-morbid medical conditions that leave him at risk for re-contracting COVID-19 and suffering severe health complications: (1) he suffers from Type II diabetes which requires daily insulin shots twice a day; (2) he also suffers from high blood pressure, high cholesterol, and obesity, and he takes many prescriptions for management of his condition; and, (3) that the facility, despite his serious health conditions, does not provide him with any type of special diet, and he is only permitted one hour a week for exercise. (Doc. 137). According to Defendant, his contraction of COVID-19 in the prison setting, highlights the need for him to be released from imprisonment.

In addition to the Government's response in opposition (doc. 139), in order to complete the record, the Government, in conjunction with the BOP, also filed (under seal) 132-pages worth of medical documentation of Defendant substantiating, among other conditions listed above, an asymptomatic diagnosis in November of 2020 of COVID-19. (Doc. 142).

On February 4, 2021, Defendant has since filed a Supplemental *Pro Se* Motion, wherein he argues that he has served over 50% of his prison term, and his serious health conditions justify

the grant of his Motion. (Doc. 143). According to the Supplemental Brief filed by Defense Counsel on March 1, 2021, Defendant contacted her to inform her that he had mailed the recent *Pro Se* filing (Doc. 143) prior to receiving counsel's correspondences and Brief at the institution, and provided her with some additional information he requested Counsel inform this Honorable Court of prior to making its decision in the matter. (Doc. 144). Defense Counsel filed a Supplement to the Brief in Support of *Pro Se* Motion to Reduce Sentence Pursuant to 18 U.S.C. §3582(c)(1)(A)(i) incorporating all averments and arguments previously filed in Defendant's *Pro Se* Motions for Compassionate Release (Doc . 135 and Doc. 143) and Brief in Support of *Pro Se* Motion to Reduce Sentence Pursuant to 18 U.S.C. §3582(c)(1)(A)(i), (Doc. 137).

The Government opposes Defendant's Motions on the basis that no extraordinary or compelling reason exists to justify Defendant's release from imprisonment, that nothing in Defendant's personal or criminal history warrants that the Court exercise this discretion, and/or that the safety of the community cannot be ensured, given the serious nature of the convictions in this case. (Doc. 139).

Defendant's Motions are Ripe for disposition.

**II.     Standard of Review**

The First Step Act's amendment of 18 U.S.C. § 3582 provides in relevant part:

The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of

imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction; . . .
and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

The applicable policy statement for compassionate release is found in the United States Sentencing Guidelines ("U.S.S.G") § 1B1.13 and Commentary.  U.S.S.G. § 1B1.13 states in relevant part: "[T]he court may reduce the term of imprisonment if . . . the court determines that [e]xtraordinary and compelling reasons warrant the reduction; . . . [t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and [t]he reduction is consistent with this policy statement."  U.S.S.G. § 1B1.13. ]

In determining what should be considered "extraordinary and compelling reasons" for sentence reduction under 18 U.S.C. § 3582, the Sentencing Commission has defined the contours of the test, in relevant part, as follows:

1. Extraordinary and Compelling Reasons.--Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant.

. . .

(ii) The defendant is

(I) suffering from a serious physical or medical condition,
(II) suffering from a serious functional or cognitive impairment, or
(III) experiencing deteriorating physical or mental health because of the aging process,

4

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n.1. The reference to "subdivision (2)" further requires the defendant to show that he is "not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2).

    Section 3142(g) instructs federal courts to consider the following factors when determining whether a defendant poses a danger to the safety of any other person or the community:

> (g) Factors to be considered.--The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
>
>   (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
>   (2) the weight of the evidence against the person;
>
>   (3) the history and characteristics of the person, including—
>
>     (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>     (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
>   (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the

>       motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).

### III.   Discussion

Defendant asserts that his medical conditions/risk factors, his history, and current characteristics justify his release as appropriate pursuant to the factors set forth in 18 U.S.C. § 3553. (*Id.*). In addition to Defendant's "good behavior" during his term of imprisonment, considering the nature and circumstances of the offense and the history and characteristics of the Defendant, he argues that his prior contraction of the deadly virus, combined with his race, health conditions, and his rehabilitation while serving over 50 percent of his sentence demonstrate that reducing his sentence to time served (or allowing him to serve the remainder of his sentence on home confinement) would be sufficient but not greater than necessary to achieve the goals of sentencing.

The Government opposes Defendant's Motion on the basis that he has not established "extraordinary and compelling" reasons justifying his release.[1] The Government argues, and this Court agrees, that there is no evidence that his medical conditions are not being properly treated and managed, that his prior infection with COVID-19 does not make him more likely to contract

---

[1] Prior to bringing a motion for a sentence modification pursuant to Section 3582(c)(1)(A), an inmate must first make a Section 3582(c)(1)(A) request for compassionate release to the BOP and exhaust administrative remedies as set forth in the statutory section. *See U.S. v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (explaining motion for compassionate release must be denied where "BOP has not had thirty days to consider [Defendant's] request to move for compassionate release on his behalf, and there has been no adverse decision by BOP for [Defendant] to administratively exhaust within that time period"). The Government concedes that Defendant has exhausted his administrative remedies, and this Court agrees.

6

it again, that there is not a problem at FCI-Beckley with spread of COVID-19,[2] and that home confinement programs are within the jurisdiction of the BOP, who handles all placement decisions. As explained below, the Court agrees with the Government's arguments and notes that caselaw and the record cited by the Government further bolsters those contentions.

The Government further contends that in addition to demonstrating "extraordinary and compelling reasons," which Defendant has failed to do, the Court must determine whether his release would be a danger to the safety of the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). According to the Government, under Section 3142(g), a criminal history involving drug trafficking and gun crimes weighs heavily against release. Indeed, Defendant has a criminal history involving drug trafficking and gun crimes as he conspired to distribute heroin, fentanyl, and crack cocaine (Count One (1)), and possessed a firearm in furtherance of that crime (Count Four (4)), during 2017 and 2018. Additionally, the Government highlights that he was on bond at the time with a pending charge in state court for possession with intent to deliver cocaine, on which he was subsequently convicted. The Government explains that Defendant's federal convictions are a result of a 2017 and 2018 Pittsburgh Police and FBI and around Pittsburgh's Beltzhoover neighborhood, and the facts surrounding these convictions demonstrate that he is not a candidate for release.

The Court will deny Defendant's Motion because, after considering: (1) whether extraordinary and compelling reasons justify Defendant's release; (2) whether such release would comply with the factors set forth in Section 3553(a), to the extent that they are

---

[2] Indeed, as of March 12, 2021, FCI Beckley has only one COVID-positive inmate and five positive employees. https://www.bop.gov/coronavirus/ (accessed on March 12, 2021).

applicable;³ and (3) the dangerousness consideration set forth in 18 U.S.C. § 3142(g), for the following reasons, the Court finds that Defendant has not established that he is entitled to the relief sought.  *See U.S. v. Pabon,* Crim. No. 17-165-1, 2020 WL 2112265, at *2 (E.D. Pa. May 4, 2020)  (explaining "18 U.S.C. § 3852(c)(1)(A) allows a court to reduce an inmate's sentence if the court finds that: (1) 'extraordinary and compelling reasons' warrant a reduction, (2) the reduction would be 'consistent with applicable policy statements issued by the Sentencing Commission,' and (3) the applicable sentencing factors under § 3553(a) warrant a reduction").

> 1. *Whether in light of the coronavirus pandemic, Defendant's medical conditions constitute an "extraordinary and compelling" reason for compassionate release*

First, having reviewed all medical records submitted, the Court finds that Defendant has not established that he suffers from a medical condition, individually or in combination, that in the context of the current pandemic qualifies as a "serious physical or medical condition" that "substantially diminishes" his ability "to provide self-care within the environment of a correctional facility."  U.S.S.G. § 1B1.13 cmt. n. 1.  Although Defendant does have serious medical conditions, at this juncture, the Court does not find that these conditions "substantially diminish" his ability to provide self-care within the environment of a correctional facility.

As Defendant contends, and this Court is aware, Defendant's medical conditions are concerning conditions in connection with COVID-19 because they are on the CDC's list of conditions that do or might increase the risk of severe illness and/or death from the virus.  *See People with Certain Medical Conditions, Center for Disease Control and Prevention, Updated*

---

3 These factors include the nature and circumstances of the offense; the history and characteristics of the Defendant; the need for the sentence imposed to reflect the seriousness of the offense; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.  18 U.S.C. § 3553(a).

*Dec. 23, 2020, https://www.cdc.gov/coronavirus/2019-ncov/need-extraprecautions/people-with-medical-conditions.html (last accessed March 12, 2021).* The Court recognizes that Defendant's health conditions may place him at greater risk of both contracting and suffering complications as a result of COVID-19. Defendant did contract COVID-19; but fortunately, was listed as "asymptomatic." The medical records do not reveal that Defendant had a fever, had breathing difficulty, had low oxygen levels, contracted pneumonia, or suffered any complications as a result of his positive COVID-19 diagnosis.

Having reviewed 132 pages of Defendant's medical records, FCI Beckley has been able to properly and effectively treat Defendant's numerous medical conditions. Additionally, while it appears from current research that Defendant maintain a period of immunity following his infection with COVID-19, in the short term, a vaccine will be made available to Defendant as a federal inmate at FCI Beckley, which effectively reduces, instead of increases his risk of contracting COVID-19. Duration of Isolation and Precautions for Adults with COVID-19 | CDC (last accessed March 12, 2021).

Therefore, the Court finds that Defendant has not established that extraordinary and compelling reasons justify his release at this time. *See also U.S. v. Powers*, Crim. No. 20449, 2020 WL 5046886 (E.D. Mich. Aug. 26, 2020) (denying motion for sentence reduction filed by obese defendant who had tested positive for the coronavirus, but was asymptomatic, concluding defendant had "not put forth compelling evidence to establish that his obesity puts him at so elevated a risk of harm as to justify his release"); *U.S. v. Skrine*, Crim. No. 15-160, at 7 (W.D. Pa. July 20, 2020) (C.J. Hornak) (concluding, where defendant was 64 years old and suffered from liver cancer, type II diabetes, congestive heart disease, obesity, and hypertension, that

9

Defendant's "effective treatment following his COVID-19 diagnosis, and his eventual recovery, do not currently present compelling and extraordinary circumstances requiring his release from custody") (footnote omitted).

> 2. *Whether a sentence reduction in this case would be consistent with the applicable factors set forth in 18 U.S.C. § 3553(a) and the dangerousness consideration set forth in 18 U.S.C. § 3142(g)*

Second, having considered whether a sentence reduction in this case would be consistent with the applicable factors set forth in Section 3553(a), and the dangerousness consideration set forth in 18 U.S.C. § 3142(g), the Court finds that the nature of the offenses for which Defendant currently is incarcerated, his willingness to engage in illegal activity even while on bond in state court, and upon considering the need for just punishment and deterrence, Defendant does not merit compassionate release from imprisonment to home confinement.  *See U.S. v. Collins*, Crim. No. 14-30038, 2020 WL 2301217, at *2 (C.D. Ill. May 8, 2020) (explaining, "the COVID-19 pandemic does not warrant the release of every federal prisoner with health conditions that makes him more susceptible to the disease"); *U.S. v. Gotti*, Crim. No. 743-07, 2020 WL 497987, at *6 (S.D.N.Y. Jan. 15, 2020) (stating, "[a] court is not required to reduce a sentence on compassionate release grounds, even if a prisoner qualifies for such reduction because of his medical condition"); *U.S. v. Wong Chi Fai*, Crim. No. 93-1340, 2019 WL 3428504, at *3 (E.D.N.Y. July 30, 2019) (explaining, "[t]he Sentencing Guidelines 'provide that compassionate release is appropriate only where the defendant is not a danger to the safety of any other person or to the community'") (citation omitted).

 To modify Defendant's sentence at this time and also given that he has already been diagnosed with and recovered from COVID-19 simply would not comply with the factors set

forth in Section 3553(a), and would be a disregard of the dangerousness consideration set forth in 18 U.S.C. § 3142(g), given the nature of the crimes in this case.

### IV. Conclusion

In summary, while Defendant has serious medical conditions, they are not conditions which render him substantially unable to care for himself, and the fact that he has already contracted and suffered no significant symptoms from COVID-19, further confirms that there are no extraordinary and compelling reasons which justify his release. Additionally, and critically, Defendant is a not a candidate given his criminal history, and considering the criminal activity in this case, which occurred while he was on bond. The Court declines to exercise its discretion to release him after only having served approximately 50 percent of his term of imprisonment, because the Section 3553(a) factors counsel against the grant of this Motion.

For all of the above-stated reasons, Defendant's Motions for Motions for Reduction of Sentence Pursuant to the First Step Act (doc. 135 and doc. 143) are DENIED.

SO ORDERED this 15th day of March, 2021.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All ECF Registered Counsel of Record